IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALERIE MACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1976-P |
| | § | |
| AVERA COMMUNITY HEALTH | § | |
| SERVICES, INC. and ALBERT | § | |
| OGUNTULA, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Avara Community Health Services, Inc. ("Avara") filed a motion to appoint counsel to represent it in this civil action brought by Plaintiff Valerie Mack for overtime compensation and other relief under the Fair Labor Standards Act, 29 U.S.C. §216(b). *See* Dkt. No. 16. District Judge Jorge A. Solis referred this motion to the undersigned for determination. *See* Dkt. No. 18. The motion [Dkt. No. 16] is DENIED.

As grounds for Avara's request for appointment of counsel, the motion contends that Avara "did not make" $500,000.00 in some unspecified time period and "cannot afford to retain an Attorney for legal representation in this matter before this court" because Avara and Defendant Albert Oguntula "lack financial means." Dkt. No. 16 at 1. According to Plaintiff's Amend Complaint, Avara "is a corporation formed and existing under the laws of the State of Texas and operates an office in Dallas County, Texas." Dkt. No. 12 at 1. Avara's answer does not deny this allegation. *See* Dkt. No. 14.

The Court has statutory authority to appoint counsel to represent an indigent "person" in a civil suit. *See* 28 U.S.C. § 1915(e)(1). More precisely, Section 1915(e)(1)

provides that "[t]he court may request an attorney to represent any person unable to afford counsel." *Id.* But this authority is typically exercised only in "exceptional circumstances." *Jackson v. Dallas Police Dept.*, 811 F.2d 260, 261 (5th Cir. 1986).

The mere assertions of being unable to afford counsel and of making less than $500,000.00 in a particular, unspecified time period are not exceptional circumstances. Although a corporation must be represented by a licensed attorney in litigation in federal court, *see Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam), Avara has failed to make an adequate showing to warrant the Court's appointing counsel in this case, *see Jackson*, 811 F.2d at 261-62.

But, even if Avara could make the required showing, "person" in 28 U.S.C. § 1915 refers only to a natural person, not a corporation. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194 (1993); *Arch Assocs., Inc. v. HuAmerica Int'l Inc.*, No. 93 CIV. 2168 (PKL), 1993 WL 452599, at *1-*2 (S.D.N.Y. Nov. 1, 1993). And otherwise "there is no authority allowing this court to appoint counsel for a corporation in a civil matter." *TI Beverage Group Ltd. v. S.C. Cramele Recas SA*, No. LA CV 06-07793-VBF, 2014 WL 1795042, at *9 (C.D. Cal. Apr. 1, 2014) (internal quotation marks omitted) (collecting authorities); *accord Associated Builders Corp., Inc. v. United States*, No. 01-D-654-S, 2001 WL 1191144, at *1 (M.D. Ala. Oct. 10, 2001) (collecting authorities).

SO ORDERED.

DATED: May 14, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-2-